# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John Z. Lee | **Sitting Judge if Other than Assigned Judge** | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 8968 | **DATE** | 11/26/12 |
| **CASE TITLE** | U.S. ex rel. Lester May (#N-70606) v. Warden Hodges, et al. | | |

**DOCKET ENTRY TEXT:**

Petitioner's motion to proceed *in forma pauperis* [#3] is granted. However, Petitioner is ordered to show good cause in writing why his habeas petition should not be dismissed as time-barred. Failure to show good cause within thirty days of the date of this order will result in summary dismissal of this petition for a writ of habeas corpus pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

■ **[For further details see text below.]**  Docketing to mail notices.

## STATEMENT

Lester May, a state prisoner, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his 1995 Cook County, Illinois conviction for first degree murder on the grounds of various due process violations, ineffective assistance of counsel, and the imposition of an excessive sentence.

Having shown that he is indigent, Petitioner's motion to proceed *in forma pauperis* is granted. However, Petitioner is ordered to show cause why his petition for a writ of habeas corpus should not be dismissed as untimely. Under the Antiterrorism and Effective Death Penalty Act of 1996, "a 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The one year runs from the latest of several dates, including: (1) the date on which the conviction became final by the conclusion of direct review or the expiration of the time for seeking such review; (2) the date on which the impediment to filing an application created by state action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action; (3) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. *Id.* "The time period during which a properly filed application for State post-conviction or other collateral review . . . is pending shall not count toward any period of limitation. . . ." 28 U.S.C. § 2244(d)(2).

**(CONTINUED)**

AWL

| STATEMENT (continued) |
|---|

      The Illinois Supreme Court denied the petitioner's request for direct review in March of 1997. He then pursued a variety of post-conviction proceedings, the latest of which was denied on November 25, 2009. The federal petition for a writ of habeas corpus now before the court was received on November 8, 2012, more than one year after Petitioner's direct and collateral attacks in state court were exhausted.

      Petitioner has not identified any facts that would toll the one-year period of limitations. His petition for a writ of habeas corpus would therefore appear to be time-barred. *See Lindh v. Murphy*, 96 F.3d 856, 866 (7th Cir. 1996), *rev'd on other grounds*, 521 U.S. 320 (1997) (limitations period applies to all habeas corpus petitions filed after April 23, 1997). Accordingly, Petitioner is ordered to show good cause in writing why the petition should not be dismissed as time-barred. Failure to show cause within thirty days of the date of this order will result in summary dismissal of the petition for a writ of habeas corpus pursuant to Rule 4 of the Rules Governing Section 2254 Cases.