# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John Z. Lee | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 8968 | **DATE** | 1/10/13 |
| **CASE TITLE** | U.S. ex rel. Lester May (#N-70606) v. Warden Hodges, et al. | | |

**DOCKET ENTRY TEXT:**

Petitioner has responded to the Court's November 26, 2012, order to show cause and satisfactorily pled that his petition is timely. Accordingly, Respondent is ordered to answer the petition or otherwise plead within thirty days of the date of this order. On the Court's own motion, Illinois Attorney General Lisa Madigan is dismissed as a party. Petitioner's motion for appointment of counsel [#4] is denied as premature.

■ [**For further details see text below.**]   Docketing to mail notices.

## STATEMENT

Lester May, a state prisoner, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his 1995, Cook County, Illinois convictions for first degree murder (94 CR 08155) on the grounds that he was denied due process, there was insufficient evidence to convict, his sentence is excessive, prosecutorial misconduct, and that he was denied counsel during a pre-trial line-up, among others.

On November 26, 2012, Petitioner was ordered to show cause as to why his petition should not be dismissed as untimely. Petitioner has adequately shown cause, representing to the Court that he was denied leave to appeal on November 30, 2011. Petitioner maintains that he has exhausted state court remedies as to all claims raised in his habeas petition and appears to have filed this action in a timely manner. Accordingly, Respondent is ordered to answer the petition or otherwise plead within thirty days of the date this order is entered on the Clerk's docket. This preliminary order to respond does not, of course, preclude the State from making whatever waiver, exhaustion or timeliness arguments it may wish to present.

Petitioner is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Petitioner must provide the Court with the original plus a judge's copy (including a complete copy of any exhibits) of every document filed. In addition, Petitioner must send an exact copy of any Court filing to the Chief, Criminal Appeals Division, Attorney General's Office, 100 West Randolph Street, 12th Floor, Chicago, Illinois 60601. Every document filed by Petitioner must include a certificate of service stating to whom exact copies were sent and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the Court or returned to Petitioner.
**(CONTINUED)**

AWL

**STATEMENT (continued)**

Petitioner's motion for appointment of counsel is denied at this time as premature. Counsel must be appointed in a habeas corpus proceeding only if an evidentiary hearing is needed or if interests of justice so require. *See* Rule 8(c), Rules Governing Section 2254 Cases. Whether the interests of justice require appointment of counsel in this case cannot be determined until after the Court has had an opportunity to review and consider Respondent's answer to the petition.

On the Court's own motion, Illinois Attorney General Lisa Madigan is dismissed as a party. *See Hogan v. Hanks*, 97 F.3d 189, 190 (7th Cir. 1996), *cert. denied*, 520 U.S. 1171 (1997) (a state's attorney general is a proper party in a habeas petition only if the petitioner is not then confined); *see also* Rules 2(a) and (b) of Rules Governing Section 2254 Cases. In this case, Petitioner is not challenging a future sentence, but rather his present confinement. Therefore, Illinois' Attorney General is not a proper party.